Case 4:96-cr-00176 Document 164 Filed in TXSD on 12/22/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CRIMINAL ACTION NO. H-96-176-1 |
| v. | § | CIVIL ACTION NO. H-16-1900 |
| | § | |
| ARISTEDE MICHAEL JOHNSON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER DISMISSING § 2255 CLAIM WITHOUT PREJUDICE
AS SUCCESSIVE CLAIM**

The defendant, Aristede Michael Johnson, was convicted in 1997 on one count of conspiracy to rob a federally insured credit union, two counts of aiding and abetting armed robbery of a federally insured credit union, and two counts of aiding and abetting the use or carrying of a firearm during a crime of violence in violation of 18 U.S.C. 924(c). (Docket Entries No. 68, 100). The court imposed a 370-month total sentence, which included a mandatory consecutive 60 months on the § 924(c) firearm charge. (Docket Entry No. 95).

Johnson appealed, without success. He then filed a motion to vacate under 28 U.S.C. § 2255, based on ineffective assistance of trial and appellate counsel and trial court error. This court dismissed the motion with prejudice. (Docket Entries No. 151, 152).

The present motion was filed in June 2016. (Docket Entry No. 159). Johnson argues, based on *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), which held that the residual clause definition of "crime of violence" in 18 U.S.C. 924(e) was unconstitutionally vague, that his firearm conviction under 18 U.S.C. § 924(c) cannot stand. The government moved to dismiss Johnson's

1

§ 2255 action. (Docket Entry No. 163).

The motion to dismiss is granted without prejudice because this court lacks jurisdiction over Johnson's successive § 2255 claim, which was filed without permission from the court of appeals. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing 28 U.S.C. § 2244(b)(3)). Johnson's claim is successive because he could have, but did not, argue that § 924(c) was unconstitutionally vague when he filed his first § 2255 action. The fact that the Supreme Court struck down a different residual clause in *Johnson*, a case decided after Aristede Johnson's first § 2255 petition was denied, does not remove or change the successive nature of this petition. The test is whether the purported legal defect existed when the prior petition was filed, not whether there was a strong or clear basis for challenging the purported defect. The government's brief aptly cites Judge Weiner's discussion in *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009), which reviews the Fifth Circuit's successive-petition jurisprudence and concludes that "if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive *even if the legal basis for the attack was not*." *Id.* at 222 (emphasis added); *see also In re Page*, 179 F.3d 1024, 1026 (7th Cir. 1999) (explaining that even if the basis for asserting or prevailing on a claimed legal defect in a conviction or sentence was previously unavailable, a second petition based on same conviction raising the same claim about a defect that existed when the first petition was filed was still successive). Section 2244(b)(2)(A) is an exception to the general rule against successive petitions. It provides that the court of appeals may permit a successive petition raising a new claim when "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . ." 28 U.S.C. § 2244(b)(2)(A).

Treating new claims as "first petitions" because they are based on previously unavailable legal theories would make § 2244(b)(2)(A) meaningless; there would be no such thing as a second or successive petition that raised a new and retroactive rule of constitutional law. Instead, these claims would never be successive. Claims like Johnson's, which assert legal theories that were available, albeit unsupported by strong authority, when the first petition was filed, are successive claims. The fact that strong authority supporting the claims later emerged does not make the second or later petition a first petition.

This court lacks jurisdiction and must dismiss the case. Johnson must seek permission from the Fifth Circuit to file this § 2255 claim. The court also notes that the en banc Fifth Circuit has found that the residual clause definition of crime of violence in 18 U.S.C. § 16(b), which is virtually identical to the residual clause in § 924(c), is not unconstitutionally vague. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc). It has also specifically held "that Johnson does not provide a basis for authorizing a successive § 2255 motion challenging a conviction under § 924(c)." *In re Lott*, 838 F.3d 522 (5th Cir. 2016) (citing *In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016)). The Supreme Court will consider the extent of *Johnson* in *Beckles v. United States*, 136 S.Ct. 2510 (2016) (whether *Johnson* applies to the residual clause in U.S.S.G. § 4B1.2), and *Lynch v. Dimaya*, 137 S. Ct. 31 (2016) (whether *Johnson* extends to § 16(b)). Neither case has been decided.

This § 2255 motion is dismissed, without prejudice, as a second or successive motion.

SIGNED on December 22, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge