IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL NO. H-96-176 |
| | § |
| ARISTEDE MICHAEL JOHNSON | § |

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**

Aristede Michael Johnson, a federal prison inmate, asks the court to grant his motion for compassionate release and reduce his sentence to time served. (Docket Entry Nos. 167, 169). He moved under 18 U.S.C. § 3582(c)(1)(A), relying on the threat of infection from the COVID-19 virus and his susceptibility to severe symptoms because of his underlying medical conditions. He also argues that his consecutive 924(c) sentences, which would have been imposed to run concurrently today under the First Step Act, are extraordinary and compelling circumstances warranting relief. The government opposed the motion, and the court appointed the Federal Public Defender to represent Johnson in the matter. (Docket Entry Nos. 168, 170). Defense counsel replied to the government's opposition. (Docket Entry No. 171).

The court has carefully considered the briefs, the record, and the applicable law. Almost all jails and detention facilities have had outbreaks of COVID-19 that are extraordinarily difficult to contain with available resources, manpower, and space, despite strenuous efforts. The facility where Johnson is housed has experienced a particularly severe outbreak, and Johnson has a history of tuberculosis, increasing his risk of severe complications. He has served almost all of

his long sentence. After careful consideration, the court grants Johnson's request for compassionate release. The reasons for this result are explained below.

## I. Background

Johnson robbed the Communicators Federal Credit Union twice—once in July 1996 and again in August 1996. Johnson, along with his accomplices, was charged with conspiracy to commit armed robbery, two counts of armed robbery, and two counts of using a firearm in relation to the armed robberies. (Docket Entry No. 13). Johnson went to trial, and a jury convicted him on all counts.

The court sentenced Johnson to a total of 370 months. The conspiracy and armed robbery counts accounted for 60 and 70 months, to run concurrently for a total of 70 months. But the two convictions for using a firearm resulted in 60 and 240-month sentences, to run consecutively for a total of 300 months. (Docket Entry No. 95). He has served more than 90 percent of his sentence—all but two years. He asks the court to reduce his sentence to time served, based on compassionate release in the face of the COVID-19 pandemic, and because the sentences imposed for his two firearm convictions would not have run consecutively if they had been imposed today. The government opposes, arguing that Johnson is unable to satisfy the criteria for the relief he seeks. Johnson is currently incarcerated at FMC Fort Worth.

## II. Exhaustion

Before filing a compassionate release motion in federal court, a defendant must first exhaust administrative procedures. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment on finding "extraordinary and compelling reasons," consistent with Guideline policy statements. Under the statute, as amended by the First Step Act, the court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

According to defense counsel, Johnson submitted a written request for compassionate release on April 30, 2020, to the FMC Fort Worth warden, who responded advising Johnson to consult a BOP Policy Statement.  (Docket Entry No. 169 at 6).  Thirty days have passed since Johnson submitted his request to the Warden, and the government does not dispute that Johnson has met the exhaustion requirement.

Johnson has also showed extraordinary and compelling reasons justifying compassionate release and reducing his sentence to time served.  The merits analysis is set out below.

**III.    The Merits**

Section 3582(c)(1)(A)(ii) requires any sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The policy statement allows a reduction for "extraordinary and compelling reasons," only if the reasons are "consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A), (3) (U.S. SENTENCING COMM'N 2018).  Application Note 1 explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below." *Id.* § 1B1.13 cmt. n.1.  These circumstances are: (a) suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) being at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and having "served at least 10 years or

75 percent of his or her term of imprisonment, whichever is less"; (c) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.* § 1B1.13 cmt. n.1.

Courts differ on whether Application Note 1 remains binding after Congress passed the First Step Act. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("U.S.S.G. § 1B1.13 cmt. n.1(D) no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."), *with United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (the district court did not err by considering § 1B1.13 commentary when determining whether an "extraordinary and compelling reason" existed that warranted a sentence reduction).

Johnson states that his underlying preexisting conditions increase the risk of severe symptoms if he is infected with COVID-19. Johnson is in his fifties, only slightly below the more vulnerable ages, and he has a history of latent tuberculosis, which increases his risk of severe complications. *See Doe v. Barr*, No. 20-cv-02141-LB, 2020 WL 1820667, at *5 (N.D. Cal. Apr. 12, 2020) (citing a study stating that "individuals with latent or active [tuberculosis] may be more susceptible to SARS-CoV-2 infection," and "COVID-19 disease progression may be more rapid and severe" in those with latent or active tuberculosis); *United States v. Atwi*, No. 18-20607, 2020 WL 1910152, at *5 (E.D. Mich. Apr. 20, 2020) (citing *Doe*, 2020 WL 1820667 at *5). Johnson also cites the high number of positive inmate cases at the FMC Fort Worth. On June 9, 2020, 40 inmates and five staff were positive for COVID-19; 580 inmates have tested

4

positive and recovered; and ten inmates have died. (Docket Entry No. 169-4 at 1). The BOP website states that as of July 2, 2020, at the FMC Fort Worth, there are 25 inmates and 2 staff testing positive; 11 inmates have died; and 576 inmates and 6 staff have recovered. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://bop.gov/coronavirus (last visited July 2, 2020). Johnson argues that his completion of most of his sentence, his health-risk factors, his work towards completing educational degrees while incarcerated, and his plan to live with his brother and work at an auto shop, all support a sentence reduction.

Johnson's reasons show the "extraordinary and compelling reasons" necessary for a sentencing reduction under § 3582(c)(1)(A). The high number of cases at the FMC makes it more likely that the longer he remains there, the higher the risk of infection. While his medical condition is not presently terminal, he does suffer from a serious physical or other medical condition—latent tuberculosis—that "substantially diminishes" his ability "to provide self-care"—remaining free of the most severe COVID-19 symptoms—"within the environment of a correctional facility." U.S.S.G § 1B1.13 cmt. n.1(A). If he were to contract COVID-19, his underlying condition and age mean that he would be at high risk of severe symptoms, from which he would not be expected to recover fully. *Id.* § 1B1.13 cmt. n.1(A). These facts provide "extraordinary and compelling reasons" for compassionate release to home confinement.

The court recognizes, and credits, BOP's implementation of a number of steps to mitigate the risks of COVID-19 transmission in the BOP institutions. These steps include providing inmates with masks, hand sanitizer, and hand soap, and isolating inmates located in the pods that have the most positive cases. But as Johnson points out, the BOP's efforts to manage the outbreak at FMC Fort Worth have proven insufficient. 11 inmates have already died from COVID-19.

The grave risks of the COVID-19 virus are heightened for Johnson by the enhanced risks presented when individuals are required to live together in close quarters and by his own comorbidity factors. Johnson has shown extraordinary and compelling reasons that justify compassionate release and reducing his sentence to time served.

The § 3553(a) factors support this result. *See* 18 U.S.C. § 3582(c)(1)(A). Johnson has served almost all of a long sentence that reflects the serious nature of his crimes of conviction. At his age, he no longer presents a threat to the community. And, had Johnson been sentenced today, under the First Step Act, his § 924(c) convictions would not have resulted in consecutive sentences. Johnson would have already served his full sentence. Reducing Johnson's sentence to time served is consistent with the goal of avoiding sentencing disparities between co-defendants.

The court finds that Johnson exhausted his administrative remedies and that he has shown extraordinary and compelling reasons to reduce his custodial sentence to time served. The period of supervised release will begin upon Johnson's release from imprisonment and will include the conditions of supervision imposed at the time of sentencing. Johnson must contact the United States Probation Office within 72 hours of release.

## IV. Conclusion

The court grants Johnson's request for compassionate release.

SIGNED on July 2, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge